UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Seth C. Black, and other similarly
situated individuals,

     Plaintiff(s),

v.

Chuck's Lawn Service & Landscaping, Inc,
Howard Garrison, and Michelle Garrison
individually

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Seth C. Black and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Chuck's Lawn Service & Landscaping, Inc, Howard Garrison, and Michelle Garrison individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Seth C. Black is a resident of Cocoa Beach, Brevard County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendant Chuck's Lawn Service & Landscaping, Inc (from now on, Chuck's Lawn Service, or Defendant) is a Florida corporation registered to do business in Florida. Defendant has a place of business in Merritt Island, Brevard County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants Howard Garrison and Michelle Garrison were and are now the owners/partners/managers of Defendant Corporation Chuck's Lawn Service. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Brevard County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Seth C. Black as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the

"ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after May 2021, (the "material time") without being adequately compensated.

7. Defendant Chuck's Lawn Service is a full-service contractor providing lawn care and landscaping services and related services. This company is located at 1620 Davis DR, Merritt Island, Brevard County 32952, where Plaintiff worked.

8. Defendants Chuck's Lawn Service, Howard Garrison, and Michelle Garrison employed Plaintiff Seth C. Black as a non-exempted, full-time employee from approximately May 01, 2021, to May 20, 2022, or 55 weeks.

9. Plaintiff had duties as a landscaper, and he was paid a daily rate of $130.00

10. During his employment with Defendants, Plaintiff worked 5 days per week from Monday to Friday from 6:30 AM to 4:30 PM (10 hours daily), or sometimes more. Plaintiff worked a minimum of 50 hours weekly. Plaintiff was unable to take bonafide lunch hours.

11. Plaintiff was paid for all his hours but at his regular rate. Plaintiff worked consistently and regularly 50 hours or more. However, Plaintiff was not compensated for overtime hours as required by law.

12. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. They could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the business owner, Howard Garrison.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid strictly in cash, without any paystubs or records showing basic information such as the number of days and hours worked, wage rate paid, and employee taxes withheld.

15. Plaintiff disagreed with his working conditions, and on or about May 20, 2022, Plaintiff was forced to resign from his position to pursue better employment opportunities.

16. Plaintiff Seth C. Black is not in possession of time and payment records, but he seeks to recover any regular or overtime hours not paid to him .

<u>Collective Action Allegations</u>

17. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

18. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half his regular rate.

19. This action is intended to include every store employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

20. Plaintiff Seth C. Black re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff Seth C. Black and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

22. Defendant Chuck's Lawn Service was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a lawn care and landscaping company engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

24. Defendants Chuck's Lawn Service, Howard Garrison, and Michelle Garrison employed Plaintiff Seth C. Black as a non-exempted, full-time employee from approximately May 01, 2021, to May 20, 2022, or 55 weeks.

25. Plaintiff had duties as a landscaper, and he was paid a daily rate of $130.00

26. During his employment with Defendants, Plaintiff worked 5 days per week a minimum of 50 hours weekly. Plaintiff was unable to take bonafide lunch hours.

27. Plaintiff was paid for all his hours but at his regular rate. Plaintiff worked consistently and regularly 50 hours or more. However, Plaintiff was not compensated for overtime hours as required by law.

28. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. They could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the business owner, Howard Garrison.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid strictly in cash, without any paystubs or records showing basic information such as the number of days and hours worked, wage rate paid, and employee taxes withheld.

31. Plaintiff disagreed with his working conditions, and on or about May 20, 2022, Plaintiff was forced to resign from his position to pursue better employment opportunities.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

35. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. Total amount of alleged unpaid O/T wages:

   Three Thousand Five Hundred Seventy-Five Dollars and 00/100 ($3,575.00)

   b. Calculation of such wages:

   Total period of employment:  55 weeks
   Relevant weeks of employment:  55 weeks
   Total hours worked: 50 weekly

Total unpaid O/T hours:  10 overtime hours
 Rate daily: $130.00 x 5 days=$650.00:50 hours=$13.00
Regular rate: $13.00 x 1.5=$19.50 O/T rate-$13.00 rate paid=$6.50
Half-time O/T rate=$6.50

O/T $6.50 x 10.00 O/T hours=$65.00 weekly x 55 weeks=$3,575.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

36. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At the times mentioned, individual Defendants Howard Garrison, and Michelle Garrison were the owners/partners/managers of Chuck's Lawn Service. Defendants Howard Garrison and Michelle Garrison were the

Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of Chuck's Lawn Service concerning its employees, including Plaintiff and others similarly situated. Defendants Howard Garrison and Michelle Garrison had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

39. Defendants Chuck's Lawn Service, Howard Garrison, and Michelle Garrison willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Seth C. Black and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Seth C. Black and other similarly situated individuals and against Defendants Chuck's Lawn Service, Howard Garrison, and Michelle Garrison based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Seth C. Black actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Seth C. Black demands a trial by a jury of all issues triable as right

by a jury.

Dated:  July 31, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*